1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10   PATRICK D. SAMPSON,

11           Plaintiff,                    No. CIV S-07-1655 LEW GGH P

12       vs.

13   C. BARTON, et al.,

14           Defendants.              ORDER

15   _____/

16           Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

17   42 U.S.C. § 1983.  On August 30, 2007, the court dismissed plaintiff's complaint with leave to

18   amend.  Pending before the court is plaintiff's amended complaint filed September 14, 2007.

19           Plaintiff alleges that during a cell search, some of his personal property was

20   harmed.  In particular, plaintiff alleges that defendants searching his cell intentionally mixed

21   cleaning solution with family photographs and legal documents which resulted in the destruction

22   of the documents and photographs.

23   /////

24   /////

25   /////

26   /////

1

1         Plaintiff's original complaint contained the same allegations  The court construed

2  the complaint to be alleging a violation of plaintiff's right to due process.  Because plaintiff did

3  not allege that the destruction of his property was authorized, i.e. pursuant to a policy, the court

4  dismissed the complaint with leave to amend.  Hudson v. Palmer, 468 U.S. 517, 533 (1984).

5         In the amended complaint, plaintiff alleges that defendants' conduct violated the

6  Eighth Amendment.  To state a claim for cruel and unusual punishment in violation of the Eighth

7  Amendment, plaintiff must allege facts sufficient to show that defendants subjected him to

8  "unquestioned and serious deprivations of basic needs." Rhodes v. Chapman, 452 U.S. 337, 347,

9  101 S.Ct. 2392 (1981).  The destruction of plaintiff's personal property, while seemingly

10  unprofessional and meanspirited, does not state an Eighth Amendment claim.  Accordingly, the

11  amended complaint is dismissed.

12         As stated above, plaintiff alleges that defendants destroyed some of his legal

13  property.  Pursuant to the Fourteenth Amendment due process clause, inmates have a

14  "fundamental constitutional right of access to the courts. Bounds v. Smith, 430 U.S. 817, 828,

15  97 S.Ct. 1491 (1977).  To prove a violation of this right, an inmate must demonstrate "actual

16  injury," in that there was a specific instance in which he was denied access to the courts. Lewis

17  v. Casey, 518 U.S. 343, 348, 116 S.Ct. 2174 (1996).  "The injury requirement is not satisfied by

18  just any type of frustrated legal claim;" the Supreme Court has stated that prisoners have a right

19  to access to the courts only in relation to direct appeals from the convictions for which they were

20  incarcerated, habeas petitions or civil rights actions challenging the conditions of their

21  confinement.  Casey, 518 U.S. at 354-55.

22         If plaintiff's ability to access the courts regarding his direct appeal, habeas

23  petition or a civil rights action was effected by the destruction of his legal property, he may have

24  a colorable claim for denial of access to the courts.  Accordingly, plaintiff is granted thirty days

25  to file a second amended complaint.

26  /////

1         Accordingly, IT IS HEREBY ORDERED that the amended complaint filed

2 September 14, 2007, is dismissed with thirty days to file a second amended complaint; if plaintiff

3 does not file a second amended complaint within that time, the court will recommend dismissal

4 of this action.

5 DATED:   12/4/07

                               /s/ Gregory G. Hollows

6                               _____

7                               UNITED STATES MAGISTRATE JUDGE

8

9 sam1655.56

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26